**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RONALD JACKSON,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION: 1:17-00386-KD-B** |
| | ) | |
| **DOUBLE BACK TRANSPORTATION,** | ) | |
|     **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Defendant's Rule 12(c) Motion for Judgment on the Pleadings (Doc. 24) and Plaintiffs' Response (Docs. 29, 30).

On August 25, 2017, *pro se* Plaintiff Ronald Jackson (Jackson) initiated this action against Defendant Double Back Transportation (DBT) for: 1) discrimination regarding "race, sex, [and] retaliation" related to his discharge/termination and for failure to promote; and 2) a claim alleging "operate unsafe vehicles." (Doc. 1). On September 14, 2018, DBT filed a one sentence Answer stating that it "denies each and every material allegation of the Complaint and demands strict proof thereof[]" and asserting one affirmative defense that "the Complaint fails to state a viable claim for relief can be granted under applicable law." (Doc. 19).

As alleged, Jackson was employed by DBT from January-May 2017 and was discriminated against by DBT employees "Becky Pilkington," "Jamie," and "Brent Boutwell" during his employment. (Doc. 1 at 2, 5-6). Jackson references -- in his Complaint and attached letter (as well as supplemented by his Response) -- the following discriminatory events: April 11, 2017 (DBT's claimed use of a company vehicle by him "without permission," which resulted in disciplinary action on April 19, 2017; April 22, 2017 (being pressured to sign a disciplinary action document and feeling harassed); May 3, 2017 (sexual harassment during a safety meeting); May

1

22, 2017 (notifying DBT about safety issues with a truck and declining to drive until deemed safe) and then being "scheduled off" on May 23 and May 25, 2017; and being terminated on May 24, 2017. (Docs. 1, 29). Jackson also alleges that DBT told him that it would not "make him permanent" on April 19, 2017, though it had promised such. (Doc. 1 at 5).

As alleged, on May 23, 2017 the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Center (EEOC) against DBT alleging the same and/or similar allegations as the Complaint. On June 20, 2017 the Plaintiff filed another EEOC Charge of Discrimination against DBT alleging the same and/or similar allegations as the Complaint. Both EEOC charges were investigated and written notices of dismissal were issued. On August 23, 2017, Plaintiff filed an OSHA complaint with the U.S. Department of Labor regarding his termination, which was investigated with a written notice of findings on August 29, 2017. On September 14, 2018, Plaintiff appealed, and his OSHA appeal was granted on October 17, 2018.

With the filing of the Complaint and answer, the pleadings are closed. Lillian B. ex rel. Brown v. Gwinnett Cty. Sch. Dist., 631 Fed. Appx. 851, 853 (11th Cir. 2015) (pleadings are closed for purposes of Rule 12(c) "when a complaint and answer have been filed"). Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Such a judgment "is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts….As with a motion to dismiss, the Court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the nonmoving party." Medicomp, Inc. v. United Healthcare Ins. Co., 562 Fed. Appx. 754, 756 (11th Cir. 2014). Indeed, Rule 12(c) motions are evaluated as a Rule 12(b)(6) motion to dismiss for failure to state a claim: "[t]o avoid dismissal, a plaintiff must plead sufficient

facts to state a claim to relief that is plausible on its face." Shedd v. Wells Fargo Bank, N.A., 2016 WL 3264127, *2 (S.D. Ala. Jun. 13, 2016). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1335 (11ᵗʰ Cir. 2014).

However, *pro se* plaintiffs are entitled to a liberal construction of their pleadings. Dinardo v. Palm Beach Cty. Circuit Court Judge, 199 Fed. Appx. 731, 734-735 (11ᵗʰ Cir. 2006) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11ᵗʰ Cir. 1998) (explaining that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). Additionally, it is well established that a plaintiff (and especially a *pro se* plaintiff) should be afforded at least one opportunity to amend her pleadings if a more carefully drafted complaint might state a claim upon which relief can be drafted. Bryant v. Dupree, 252 F.3d 1161, 1163 (11ᵗʰ Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice[]") (citation omitted).

DBT summarily contends that Jackson's *pro se* complaint is due to be dismissed because it fails to state a prima facie case of discrimination -- i.e., fails to state a claim upon which relief can be granted. In response, and in addition to his complaint with attached letter (Doc. 1), Jackson generally asserts that he is a member of a protected group, who was subjected to an adverse employment action, and that discrimination was the likely reason for same. (Doc. 30 at 6).

A review of the record indicates that Plaintiff is proceeding *pro se,* and that his Complaint is neither a model of clarity nor specificity. It is indeed even unclear as to whether Jackson alleges federal discrimination claims as well as an OSHA claim. Even so, upon consideration, the Court finds that Jackson should have "at least one opportunity" to substantively amend the complaint, as

3

once amended.  Matters for clarification which Jackson should incorporate in an amended

complaint include (but are not limited to) the following:

> 1) whether he is alleging discrimination claims for race, sex, and retaliation, and if so, specifics related to each claim, including how his race or sex was the basis of the discrimination;
> 2) whether he is alleging discriminatory failure to promote, termination/discharge, and discipline, and if so, specifics related to each claim; and
> 3) whether he is alleging a hostile work environment claim, and if so, specifics related to the claim.

Accordingly, it is **ORDERED** that Defendants'  Rule 12(c) motion for judgment on the

pleadings (Doc. 24) is   **DENIED.**  It is further **ORDERED** that Plaintiff is **GRANTED LEAVE**

to file, on or before **February 5, 2019**, an amended complaint, to address the deficiencies

identified by DBT in the Rule 12(c) motion and the matters for clarification as listed by the Court.

The Clerk is **DIRECTED** to mail a copy of the *Pro Se Litigant Guide* to Plaintiff at his

address of record.

**DONE** and **ORDERED** this the **8th** day of **January 2019.**

> /s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**