IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD JACKSON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DOUBLE BACK TRANSPORTATION, )<br>    Defendant. ) | CIVIL ACTION: 1:17-00386-KD-B |

**ORDER**

This matter is before the Court on pro se Plaintiff Ronald Jackson's Rule 12(c) motion for judgment on the pleadings. (Doc. 42). As relevant here, Jackson's motion includes several additional exhibits he did not attach to his amended complaint. For instance, Exhibit 9 appears to be a letter from Jackson explaining alleged safety concerns and Exhibit 8 is Defendant Double Back General Manager Becky Pilkington's notice that Jackson's services were no longer needed.[1] Neither document appears to have been included in his amended complaint.

Federal Rule of Civil Procedure 12(c) provides that "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014). However, "The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." Day v. Taylor, 400 F.3d 1272, 1275–76 (11th Cir. 2005). See also Barnett v. Baldwin Cty. Bd. of Educ.,

---

[1] The Court observes that many of the documents attached to the motion were also attached to the amended complaint. "[T]he district court may always consider exhibits attached to the complaint on a 12(b)(6) motion, because exhibits are part of the pleadings." Basson v. Mortg. Elec. Registration Sys., Inc., 741 F. App'x 770, 771 (11th Cir. 2018) (citing FED. R. CIV. P. 10(c); Thaeter v. Palm Beach Cty. Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006)).

1

60 F. Supp. 3d 1216, 1224 (S.D. Ala. 2014) (citing FED. R. CIV. P. 12(d)) ("[A] [c]ourt may not consider matters outside the pleadings without converting the [Rule 12(c)] motion into a motion for summary judgment.").[2] District courts enjoy wide discretion in deciding "whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c)." 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1371 (3d ed.).

With respect to the current motion, matters outside the pleadings have been presented. Additionally, the "Court finds that the instant motion . . . is replete with factual issues . . ." Orange Beach Dev. Grp., L.P. v. Powers, 2007 WL 1889814, at *4 (S.D. Ala. June 28, 2007). Finally, the time period for conducting discovery and the filing of other dispositive motions has expired. (See Rule 16(b) Scheduling Order (Doc. 27 at 5)). As such, the Court will **CONVERT** Jackson's motion pursuant to Rule 12(c) into a motion for summary judgment pursuant to Rule 56.

Pursuant to Federal Rule of Civil Procedure 12(d), if a court converts a motion for judgment on the pleadings to a motion for summary judgment the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). This Order provides the parties with the requisite notice. Moreover, the Court will permit Jackson 10 days to supplement the record and his newly converted motion if he sees fit. See Williams v. Jefferson Cty., Ala., 482 F. App'x 480, 482 (11th Cir. 2012) ("In general, a district court may not consider materials outside of the complaint without converting a motion to dismiss into one for

---

[2] Federal Rule of Civil Procedure 12(d) provides that

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

summary judgment and giving the parties ten days' notice pursuant to Federal Rule of Civil Procedure 56(c)."); SHM Int'l Corp. v. Chant Kitchen Equip. (H.K.) Ltd., 2017 WL 7660398, at *2 (N.D. Ga. Apr. 21, 2017) ("The proper course of action is to allow the litigation to proceed to summary judgment, notify the parties of this conversion, and give them ten (10) days to supplement the record."). Upon expiration of the ten days (March 29, 2019), the summary judgment briefing schedule shall begin.

Accordingly, it is **ORDERED** that:

1. Jackson's Motion for Judgment on the Pleadings is **CONVERTED** to a Rule 56 motion for summary judgment.

2. Jackson is afforded an additional 10 days (that is, on or before March 29, 2019) within which to supplement the record for his motion for summary judgment.

The Clerk is directed to expedite delivery of this Order to Jackson.

**DONE** the 19th day of March 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**